IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERMAINE LEJUANE HILL, | | |
| Plaintiff, | | |
| v. | | 1:15-cv-421-WSD |
| LAYLA H. ZON, District Attorney, and CHARLES R. MCMENOMY, Assistant District Attorney, | | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [6] ("R&R"). The R&R considers Plaintiff Jermaine LeJuane Hill's ("Plaintiff") Complaint [1] ("Complaint"). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**

On February 11, 2015, Plaintiff, an inmate at Newton County Detention Center in Covington, Georgia, filed his Complaint, naming Newton County District Attorney Layla H. Zon and Assistant District Attorney Charles R. McMenomy ("Defendants") as defendants in this 42 U.S.C. § 1983 action.

Plaintiff's Complaint, however, does not assert any specific allegations against Defendants.

Plaintiff alleges that an unspecified criminal charge was pending against him, but the statute of limitations applicable to that charge expired in March 2014. (Complaint at 3). Plaintiff alleges he was subsequently arrested for "traffic misdemeanors" and released on bond in September 2014. (Id.). Plaintiff alleges further that, on January 6, 2015, Judge Eugene M. Benton revoked Plaintiff's bond and ordered him held on the unspecified criminal charge as well as the traffic misdemeanors. (Id.). Plaintiff seeks monetary relief and release from confinement. (Id. at 4).

On March 24, 2015, the Magistrate Judge granted [5] Plaintiff's Application to Proceed *in forma pauperis* [4]. On April 2, 2015, the Magistrate Judge screened Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), and concluded that Plaintiff's claims against Defendants should be dismissed because Plaintiff fails to assert any specific allegations against Defendants, and, to the extent that Plaintiff sought to raise claims regarding Plaintiff's ongoing criminal proceedings, such claims should be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971). (R&R at 3-4). Plaintiff did not file any objections to the R&R.

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

   B.   Analysis

Plaintiff did not object to the Magistrate Judge's R&R.  The Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.

The Magistrate Judge noted that Plaintiff did not assert any specific allegations against the named Defendants.  (R&R at 3).  Plaintiff's Complaint, thus, fails to state a claim upon which relief can be granted as to the Defendants,

and the Magistrate Judge properly recommended that the Complaint be dismissed. The Magistrate Judge noted further that, to the extent that Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983 regarding his pending criminal proceeding, Plaintiff's claims should be dismissed without prejudice pursuant to Younger. Younger v. Harris, 401 U.S. 37 (1971) (absent extraordinary circumstances, federal courts should abstain from interfering with ongoing state proceedings). The Magistrate Judge also concluded that Plaintiff is not entitled to obtain release from his imprisonment in an action brought pursuant to 42 U.S.C. § 1983. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 78, (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead.") (internal citations omitted). The Court finds no plain error in the Magistrate Judge's findings and recommendation. See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that that Plaintiff Jermaine LeJuane Hill's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 21st day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE